**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Robert E. Blackburn**

Civil Action No. 13-cv-01489-REB

WILLIAM MABIE,

    Applicant,

v.

CHARLES DANIELS, Warden,

    Respondent.

---

## ORDER OF DISMISSAL IN PART AND FOR ANSWER

---

    Applicant, William Mabie, is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently incarcerated at the United States Penitentiary in Florence, Colorado. Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Pursuant to Magistrate Judge Boyd N. Boland's June 11, 2013 Order to Cure Deficiencies, Applicant submitted his claims on a Court-approved form used in filing § 2241 actions.

    After a review of the Application, Magistrate Judge Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On August 21, 2013, Respondent filed a Response that addresses the seven disciplinary proceedings at issue and asserts that Applicant failed to exhaust his administrative remedies with respect to two of the proceedings. On September 26, 2013, Applicant filed a pleading titled, "Motion for Sanction." In the Motion, Applicant challenges the information provided by Respondent's counsel and by Kara Lundy in the

Preliminary Response.  The Court, therefore, construes the Motion as a Reply to the Response.

The Court must construe liberally the Application and Reply because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

For the reasons stated below, the Court will dismiss the action in part with respect to Incident Report Nos.  2315657 and 2238883 for failure to exhaust administrative remedies. Otherwise, the Court will require the Respondent to show cause why the Application should not be granted concerning the claims associated with Incident Report Nos. 2245782, 2242146, 2241658, 2240669, and 2239324.

The pleading Applicant first filed with the Court (Petition for Restoration of Good Time Due to Lack of Due Process) is not the model of clarity; neither is the Application he filed in response to the Court's Order to Cure Deficiencies.  Given that Plaintiff has had two opportunities to present his claims and they still lack clarity, the Court finds directing Applicant to amend the Application would not be beneficial.  The Court, therefore, will rely on both the Petition and Application, as did Respondent, to determine if Applicant has exhausted his administrative remedies.

In the Petition, Applicant attached one page of the Inmate Discipline Data Chronological Disciplinary Log that identifies seven incident reports, including Incident Report Nos. 2315657, 2245782, 2242146, 2241658, 2240669, 2239324, and 2238883, which pertain to him. Pet. at 4.  On the attachment, Applicant hand-wrote the associated administrative remedy request number for each disciplinary proceeding and stated the due process rights that were violated in each incident.  *Id.*  Applicant also

indicated on Page Three of the Petition that he did not receive a twenty-four hour notice in Incident Report No. 2242146. *Id.* at 3. The Court enumerates and characterizes Applicant's claims as follows:

    1) Incident Report No. 2315657-Denial of Witnesses;

    2) Incident Report No. 2245782-Denial of Witnesses;

    3) Incident Report No. 2242146-Denial of Staff Representative, Witnesses, and Twenty-Four Hour Notice;

    4) Incident Report No. 2241658-Denial of Staff Representative and Witnesses;

    5) Incident Report No. 2240669-Denial of Staff Representative and Witnesses;

    6) Incident Report No. 2239324-No Witnesses; and

    7) Incident Report No. 2238883-No Witnesses.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Applicant. *See* 28 C.F.R. §§ 542.10-19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." *Id.* at § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three

formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See id.* at 28 C.F.R. §§ 542.13-15.  Initial appeals at the institution level, however, are excepted in prison disciplinary proceedings; an inmate initially files an appeal of a DHO hearing to the regional director before pursuing a national appeal.  *Id.* at § 542.14(d)(2).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  *Id.* at § 542.15.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  *Id.* at § 542.18.

In an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process.  *Id.* at § 542.17(a).  When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal.  *Id.* at § 542.17(b).  If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. *Id.* at § 542.17(c).  The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing.  *Id.*

Respondent asserts that based on the BOP's administrative remedy records, Applicant has failed to exhaust administrative remedies for the claims he presents. Since July 1990, the BOP has maintained information related to administrative complaints filed by inmates under the Bureau Administrative Remedy Program in SENTRY, the BOP's national database that tracks various information regarding an

4

inmate's confinement. *See* Preliminary Resp., ECF No. 14-1, Ex 1 (Decl. Kara Lundy) at 4. Each formal complaint is logged into SENTRY at the receiving location and is assigned an identification number that is given an extender at each level of review. *Id.* at 5. According to SENTRY, Applicant failed to exhaust his administrative remedies concerning Incident Report Nos. 2315657 and 2238883. *Id.* at 7. Respondent asserts that (1) both administrative remedy requests challenging the two incident reports were denied as procedurally defaulted; (2) Applicant has successfully exhausted other administrative remedy requests; and (3) he fails to explain why the administrative remedy requests regarding these incident reports were not exhausted. Preliminary Resp. at 4-5.

Applicant does not disagree with Respondent's findings. The only argument set forth by Applicant in the Reply, regarding exhaustion of his administrative remedies, is that Respondent purposely disregarded Incident Report No. 2242146 as being exhausted. The Court finds that although Respondent failed to identify Incident Report No. 2242146 as being exhausted on Page Five of the Preliminary Response, Respondent did state on Page Three that Incident Report No. 2242146 is exhausted.

The Court, therefore, will dismiss Applicant's claims with respect to Incident Report Nos. 2315657 and 2238883.

Applicant also asserts in the Petition on Page Three and in the Application on Page Two that his placement in the SMU violates his due process rights. However, Applicant has no constitutional right to any particular classification. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, "a prisoner who challenges the fact or

duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). However, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.*

Applicant does not assert that his placement in SMU impacted the length of his confinement in any way. Furthermore, even if Applicant is claiming that his placement in SMU precludes his ability to earn good time credits, his claim lacks merit, unless he has a liberty interest in earning the credits. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A constitutionally-protected liberty interest may arise from either the Due Process Clause itself, or from a state or federal law. *See id.*; *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Constitution does not itself afford a convicted person any right to be released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, (1979). Neither does 18 U.S.C. § 3624(b) create a liberty interest in early release. The statute provides that a federal prisoner may receive up to 54 days of credit toward the service of the prisoner's sentence, beyond the time served, "subject to determination by [the BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." Because the statute allows the BOP discretion to deny the requested relief, it does not create a constitutionally-recognized liberty interest. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (construing 18 U.S.C. § 3621(e)(2)(B)) (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). Applicant's classification claim, therefore, is improperly raised in this action and lacks merit. Accordingly, it is

ORDERED that Applicant's Motion for Sanction, ECF No. 19, is construed as a

Reply. It is

FURTHER ORDERED that the claims regarding Incident Report Nos. 2315657 and 2238883 are dismissed. It is

FURTHER ORDERED that Respondent show cause within twenty-one days from the date of this Order why the Application, with respect to the claims associated with Incident Report Nos. 2245782, 2242146, 2241658, 2240669, and 2239324, should not be granted. It is

FURTHER ORDERED that within twenty-one days of Respondent's answer to the Order to Show Cause Applicant may file a reply. It is

FURTHER ORDERED that Applicant shall remain in custody until further order.

DATED October 24, 2013, at Denver, Colorado.

**BY THE COURT**:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge