**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Robert E. Blackburn**

Civil Action No. 13-cv-01489-REB

WILLIAM MABIE,

    Applicant,

v.

CHARLES DANIELS, Warden,

    Respondent.

**ORDER DENYING MOTION TO RECONSIDER**

**Blackburn, J.**

The matter is before the court on the applicant's **Motion to Reconsider** [#26][1] filed November 1, 2013. In the motion, Mr. Mabie requests the court to "reconsider SMU, sanction portion, of above styled case, as persuaded by fraudulent assertion of respondent in violation of 18 usc 1623." Mot. at 1.

The court must construe the motion liberally because Mr. Mabie is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, for the reasons stated below, the motion will be denied.

The bases for granting reconsideration are extremely limited:

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). The arguments Mr. Mabie presents in the Motion to Reconsider address the merits of his classification clam. As the court found in the October 24, 2013, order [#25], Mr. Mabie's classification claim more properly is raised in a civil complaint rather than in a proceeding under 28 U.S.C. § 2241. Therefore, the court finds no basis to reconsider Mr. Mabie's classification claim on the merits in this action.

Mr. Mabie requests in the alternative that if this court "affirms its dismissal," that the motion be considered as a notice of appeal. This request will be denied because there is nothing unreasonable or onerous in requiring Mr. Mable to file a separate notice of appeal in the time and manned required by the relevant rules of civil and appellate procedure.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion to Reconsider** [#26] filed November 1, 2013, is **DENIED**; and

---

[2] Furthermore, it is problematic whether Mr. Mable is entitled to bring an interlocutory appeal of an order that does not fully resolve all of the claims.


2. That the request in the alternative that the motion be considered as a notice of appeal is **DENIED**.

DATED November 5, 2013, at Denver, Colorado.

**BY THE COURT**:

Robert E. Blackburn
United States District Judge