**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-01489-REB

WILLIAM MABIE,

Applicant,

v.

CHARLES DANIELS, Warden,

Respondent.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

**Blackburn, J.**

This matter is before me on the "Petition for Restoration of 'Good Time' Due to Lack of Due Process ("Petition") [#1][1], filed June 10, 2013, and "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("Application") [#6], filed July 2, 2013, by Applicant, William J. Mabie, a *pro se* prisoner litigant.

On October 24, 2013, I entered an order that dismissed the Application/Petition in part and directed Respondent to show cause why the Application/Petition, with respect to the remaining claims, should not be granted. Respondent filed a "Response to Order to Show Cause" ("Response") [#28] and Applicant filed a "Reply to Govt. Response" ("Reply") [#32].

I havet construed the papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per

---

[1] "[#1] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the pertinent portions of the record in this case, including the Application, Petition, Response, and Reply, I conclude that the action should be dismissed.

## I. BACKGROUND

Applicant is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). He is incarcerated at the United States Penitentiary in Florence, Colorado. Applicant is challenging the validity of five prison disciplinary convictions, including Incident Report Nos. 2245782, 2242146, 2241658, 2240669, and 2239324, that resulted in a loss of good time credits and other sanctions.

Each of the incidents took place between November 29 and December 15, 2011, while Applicant was housed at the Federal Correctional Complex in Lompoc, California. The incidents involved written threats to prison staff and an inmate. The five written threats were reviewed at five separate disciplinary hearings.

As I stated in the October 24, 2013, Order, neither the Petition nor the Application is a model of clarity. Nonetheless, I characterized Applicant's five remaining claims as follows:

> 1) Incident Report No. 2245782-Denial of Witnesses;
>
> 2) Incident Report No. 2242146-Denial of Staff Representative and Witnesses, and a failure to provide Twenty-Four Hour Notice;
>
> 3) Incident Report No. 2241658-Denial of Staff Representative and Witnesses;
>
> 4) Incident Report No. 2240669-Denial of Staff Representative and Witnesses; and

5) Incident Report No. 2239324-Denial of Witnesses.

## II. DISCUSSION

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"I]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In addition, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* (internal citation and quotation marks omitted). Review under the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Howard*, 487 F.2d at 812 (quoting *Hill*, 424 U.S. at 454). "A disciplinary board's decision can be upheld . . . even if the evidence supporting the decision is meager." *Id.*

Through that analytical prism, I will discuss each incident report and disciplinary proceeding separately below.

1. Incident Report No. 2245782

The alleged due process violation in this incident report is a denial of witnesses claim. On Page Four of the original petition, [#1], Applicant indicates this incident report involved a letter he wrote to Mr. Huitron. Without identifying a specific incident report number, Applicant asserts, generally, that Officer Spaulding, the Disciplinary Hearing Officer ("DHO"), relied on vague security reasons for denying witnesses in his disciplinary proceedings, even though witnesses were within twenty feet of the hearing room on December 14 when the hearings were held. [#1] at 2 and [#6] at 3. Applicant further contends that the witnesses he requested were BOP staff eyewitnesses, including Espinoza, Rhotem, Peterson, and Jimenez, all supervisors, who he claims were available and had stated they would provide "adversarial testimony." [#6] at 3 and 6.

Applicant also addresses his witness claim in the Reply. Like his other pleadings, however, Applicant's Reply is not the model of clarity. Applicant's claims regarding the denial of witnesses are stated in the Reply as follows:

> Witness lists were identical and reports served at same time, UDC error/laziness in not listing on all reports-Witnesses were eyewitnesses to the event. ABSOLUTE knowledge-but were excluded due to non-existent "investigation" (never spoke to) Govt has no say! Spaulding was not involved- and Swearing to material facts, of which he has not knowledge is PERJURY
>
> III Witnesses 12/14/11 & 1/15/12
>
> How could eyewitnesses have "no knowledge"? But they were never interviewed! [illegible] ZARATE is not an LT!
>
> 1/15/12 That Spaulding would swear at proceeding he took no part in is [*sic*] HUBRIS
>
> Think EYEWITNESS = BAD - BUT, a total non-witness is worth of sworn testimony in Federal Court?
>
> IV Questions
>
> Spaulding did not care to even look at plaintiffs [*sic*] prepared questions. Spaulding had no idea that Espinoza had questions in her head 1/15/12. HE WAS NOT THERE.

[#32] at 1-3.

In Incident Report No. 2245782, Applicant was charged with threatening another with bodily harm or any other offense; the disciplinary hearing was held on January 18, 2012. [#28-3] at 38. The DHO, W. J. Chetwood, relied on the following: (1) the written report from staff member Mr. Huitron, who received a letter from Applicant that he perceived to be a threat against him; (2) Applicant's statement to the investigating lieutenant; (3) Applicant's refusal to make a statement to the Unit Disciplinary

Committee ("UDC"); (4) Applicant's failure to specify the testimony the named witnesses would present; (5) Staff representative C. Espinoza's statement that Applicant would not provide questions to her to ask witnesses on Applicant's behalf; (6) the letter from Applicant to Mr. Huitron; and (7) Applicant's verbal and written statement at the disciplinary hearing. [#28-3] at 39-41. The DHO found as follows:

> Therefore, based on the greater weight of the evidence presented above, the DHO concludes you committed the prohibited act of Code 203, Threatening Another With Bodily Harm, and the charge is sustained. You state there is another page of the letter you wrote to Mr. Huitron that would show the previous incident report for which you were found guilty was false. This is not exculpatory as you fail to demonstrate how it relates to the current incident; even if this contention were true it would not justify your threat of bodily harm. You state the letter was an "Opportunity" for the staff member to "Square things." The DHO finds this claim incredible as there is no language in the letter reflecting that claim and the tone of the letter is not perceived as conciliatory. You claim staff members lied during this process, but you offer no evidence to support this claim and it is therefore considered without merit. You assert past staff misconduct as a rationale for your threatening statement. This is not exculpatory as you have other means available to you with which to have such accusations resolved. You called several witnesses. However, you failed to demonstrate how their testimony would be directly relevant to the charges. Only the DHO may directly question witnesses, any questions are to be submitted by you or your staff representative and will only be presented at the DHO's discretion. You failed to submit questions for your proposed witnesses. As such, no witnesses were called. You state there was no threat to commit bodily harm in your letter. Your declaration "12-23-2014, we will find out if it was a good idea to threaten me" is considered. Telling a staff member that something may happen on a date which is close to your release date could be construed by a reasonable officer to be a threat. During the investigation, you were asked to make a statement about the charge. You had the opportunity to disavow the statement or offer an alternative meaning. However, your statement that it's your business what you do when you're released can, in the context of this incident, validate the concerns of the reporting employee that your statement was meant to be interpreted as a threat.

*See* [#28-3] at 41.

Prisoners have only a qualified right to call witnesses, and prison officials may

evaluate a request for witnesses and refuse to provide them for various reasons. *See Freeman v. Carroll*, 506 F. App'x 694, 706 (10th Cir. 2012) (citing *Wolff*, 418 U.S. at 566). "[E]rrors made by prison officials in denying witness testimony at official hearings are subject to harmless error review." *Howard*, 487 F.3d at 813 (quotation omitted).

For the most part, Applicant's denial of witness claims are conclusory and vague. Also, Applicant does not refer to Incident Report No. 2245782 in the Application when he asserts four eyewitnesses, including Espinoza, Rhotem, Peterson, and Jimenez were available to testify. Furthermore, contrary to Applicant's claims in his Reply that he received all notices of the incident reports at the same time, only the notices in Incident Report Nos. 2240669, 2241658, and 2242146 were provided to Applicant at the same time on December 7, 2011; these hearings were all held on December 14, 2011, and Applicant requested the same witnesses, Huitron and Files, in only two of the hearings, Incident Report Nos. 2240669 and 2242146. [#28-2] at 89, 91, 97; [#28-3] at 1, 3, 8, 15, 17, and 19. Applicant received notice and requested witnesses Huitron, Files, Davis, and Dubuc on December 19, 2011, for Incident Report No. 2245782; the hearing was held on January 18, 2012. [#28-3] at 32, 36, and 38.

Applicant also does not deny he failed to provide any questions to C. Espinoza to ask the witnesses. Applicant's statement that Ms. Espinoza "had questions in her head" does not support a finding that Applicant provided questions to Ms. Espinoza to be asked and that the answers to these questions were relevant to the charge against him. Furthermore, Applicant does not explain in either the Application, Petition, or Reply what evidence he was unable to introduce at this disciplinary hearing without the witnesses, other than that the witnesses were staff witnesses and had "adversarial

testimony," [#6] at 3. A claim of adversarial testimony, *per se*, is too vague to support a due process violation.

Nonetheless, the exclusion of any witnesses in this disciplinary proceeding is harmless, because Applicant fails to demonstrate the relevance of any testimony they may have offered at the hearing. *See Jordan v. Wiley*, 411 F. App'x 201, 209-10 (10th Cir. 2011) (citing *Kalwasinski v. Morse*, 201 F.3d 103, 109 (2d Cir. 1999) (excluding irrelevant or unnecessary testimony by hearing officer does not violate due process).

Finally, there is some evidence to support a finding that Applicant threatened another with bodily harm. Applicant wrote a letter to a staff member, Mr. Huitron, stating "12-23-2014, we will find out if it was a good idea to threaten me," (the date given is close to Applicant's release date), and then when interviewed by the investigating lieutenant stated "What I do when I'm released is my business." Both of these statements provide some evidence that Applicant was threatening a staff member with bodily harm. Applicant does not deny he wrote the letter, but he claims, in general, that because Officers Huitron and Files were physically aggressive towards him they set the "standard for acceptable interaction." [#1] at 2. Applicant's claim against Officers Huitron and Files does not justify the statements he made to Officer Huitron in the letter he wrote and negate the offense he committed. Applicant may utilize the administrative grievance remedy procedures to challenge inappropriate behavior by prison staff. Applicant, therefore, fails to assert a violation of his due process rights in this disciplinary proceeding.

2. Incident Report No. 2242146

The asserted due process violations in this incident report include the denial of witnesses and a staff representative and a failure to provide a twenty-four hour notice.

In Incident Report Number 2242146, Applicant was charged with threatening another with bodily harm or any other offense (offense was changed to conduct that disrupts the Orderly Running of the Institution at the hearing); the disciplinary hearing was held on December 14, 2011. [#28-3] at 19. The DHO, J. L. Spaulding, relied on the following: (1) Written report from staff member A. Kowalewski, who received a letter from Applicant that he perceived was a threat to him; (2) Applicant's statement to the investigating lieutenant; (3) Applicant's statement to the UDC; (4) Named witnesses, Officers Files and Huitron, were denied because they lacked knowledge of the issue in this disciplinary action; (5) Applicant waived staff representative; (6) Letter from Applicant to Mr. Kowalewski; and (7) Applicant's statement at the disciplinary hearing. [#28-3] at 20-21. The DHO found as follows:

> The DHO noted you denied the charge, stating, "Where is the bodily harm?" And while there is no explicit threat of bodily harm, the tone of your letter and your guarantee to redefine the value of $25.00, was taken as an implied threat to the security of staff. The DHO noted a reasonable person would conclude your statement to the Investigating Lieutenant of, "I just got mad and sent the letter. He might have taken it the wrong way," was hostile in nature and you well were aware of it.
>
> Therefore, based on the greater weight of evidence, the DHO adjusted the charge of Code 299, Conduct which disrupts the Orderly Running of the Institution, *most* like, Code 203, Threatening Another with Bodily Harm . . . ."

[#28-3] at 21.

i. Witnesses

The facts supporting Applicant's denial of witness claim are set forth above in the discussion of Incident Report No. 2245782. As stated above, the claims for the most part are conclusory and vague. Applicant's only assertions that may relate to his denial of witness claims in this disciplinary action are (1) Mr. Spaulding, the hearing officer, denied witnesses based on vague security reasons, even though the witnesses were within twenty feet of the hearing room on December 14; and (2) a determination by the DHO that witnesses had no knowledge is without basis because the witnesses were not interviewed.

The exclusion of witnesses Huitron and Files is harmless because Applicant fails to demonstrate the relevance of any testimony they may have offered in the disciplinary hearing for Incident Report No. 2242146. *See Jordan*, 411 F. App'x at 209-10. Applicant also does not explain in either the Petition, Application, or Reply what evidence he was unable to introduce at this disciplinary hearing that would demonstrate he did not commit the offense. Therefore, the Court finds no basis for a due process violation regarding the denial of the witnesses at this disciplinary hearing.

ii. Staff Representative

Like Applicant's denial of witness claims, his denial of staff representative claims are conclusory and vague. In the Petition, Applicant asserts that Counselor Garcia continued to act as his staff representative in Incident Report No. 2242146, even after she wrote a "203 shot" against him and claimed to be a victim. [#1] at 2. Applicant also asserts that Mr. Spaulding scheduled three hearings, including the hearing in Incident Report No. 2242146, on a day that he knew Ms. Garcia would be absent. *Id.*

A prisoner does not have a general constitutional right to have a staff representative assist him during the disciplinary process. *Wolff,* 418 U.S. at 570; *see also Smith v. Maschner,* 899 F.2d 940, 946 (10th Cir.1990) (prisoner was not constitutionally entitled to counsel at prison disciplinary hearing); *Duarte v. Turner,* No. 93–2427, 1995 WL 57187 at *3 (7th Cir. Feb.10, 1995) (unpublished decision) (rejecting habeas claim that staff representative was ineffective for failing to discover evidence). Rather, due process requires the aid of a staff representative only "[w]here an illiterate inmate is involved" or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff,* 418 U.S. at 570. Because the issues are not complex and he is literate, Applicant has no constitutional right to the assistance of another during the disciplinary process. *See id.*

Even if Applicant is entitled to assistance by a staff representative for a disciplinary hearing, he does not state what evidence the representative would have presented to support a finding that Applicant's statements and tone of the statements should not be found disruptive of the orderly running of the institution. Furthermore, Applicant does not state why Ms. Garcia was the victim of his threat to A. Kowalewski and how Ms. Garcia failed to properly represent him. Applicant's due process rights, therefore, were not violated by Ms. Garcia's representation, or lack thereof, in this disciplinary proceeding.

iii. Twenty-Four Hour Notice

Applicant asserts that he did not receive a twenty-four notice of the charges against him, because at the hearing the DHO found him guilty of an offense different than what was in the original charge. [#1] at 3.

Constitutionally adequate due process at a prison disciplinary hearing only requires that an inmate be informed of the charges to enable him to marshal the facts and prepare a defense. *Wolff,* 418 U.S. at 564. On December 6, 2011, Applicant was provided a copy of the incident report that stated he had written a letter to Lieutenant Kowalewski that included a statement, "Should I get charged $25 for your loss/fuck up? I guarantee you will redefine the value of $25 to the point where you will gladly pay it yourself. GET MOVING?" [#28-3] at 8. This letter was the basis for Applicant's conviction.

Whether he was charged and found guilty of Threatening Another with Bodily Harm under Prohibited Act Code 203 or Conduct which Disrupts the Orderly Running of the Institution under Prohibited Act Code 299, Applicant was provided with sufficient information regarding the incident to prepare for his disciplinary proceedings. Furthermore, Applicant was not convicted of a more serious offense. A Code 203 violation and a Code 299 violation are high severity level prohibited acts and are subject to the same sanctions. *See* BOP Program Statement 5270.09 Table 1. Prohibited Acts and Available Sanctions at 46-49. Applicant received a timely notice of the prohibited acts he committed and had sufficient information and time to marshal the facts and prepare a defense.

iv. Conclusion

Applicant, therefore, fails to circumstantiate a violation of his due process rights in this disciplinary proceeding.

3. Incident Report No. 2241658

The claimed due process violations in this incident report include the denial of witnesses and a staff representative.

i. Witnesses

Again, for the most part, Applicant's denial of witness claims are conclusory and vague. The DHO hearing report for Incident Report No. 2241658 indicates that Applicant did not request witnesses. [#28-3] at 3. Applicant, however, in his Reply asserts that the incident reports were all served at the same time and the witness lists were identical. [#32] at 1.

In Incident Report Number 2241658, Applicant was charged with threatening another with bodily harm or any other offense; the disciplinary hearing was held on December 14, 2011. [#28-3] at 3. The DHO, J. L. Spaulding, relied on the following: (1) the written statement from the staff member S. Garcia, who received a letter from Applicant that contained a threat against Officer Files and Lompoc staff; (2) Applicant's statement to the investigating lieutenant; (3) Applicant's statement to the UDC; (4) Applicant waived witnesses; (5) Applicant waived staff representative; (6) Letter from Applicant to Ms. Garcia; and (7) Applicant's statement at the disciplinary hearing. [#28-3] at 4-5. The DHO found as follows:

> You denied the charge stating it was in reference to your case three years ago, a conversation with a DEA Agent that had nothing to do with staff at FCC Lompac. However, the DHO noted that throughout your letter you reference staff at FCC Lompoc, in derogatory terms, you state that when you get released you will straighten things out with Officer Files, and then reference Scott Williams in the same sentence with Officer Files' name. Your tone in the letter and the mention of Officer Williams, who was killed at FCC Lompoc, would draw a reasonable person to conclude that you were threatening the staff of FCC Lompoc.
>
> Also, when your letter is read in context about a gunfight statement you made to a DEA Agent in the past, then in parenthesis it states "still applies," the DHO determined that it made the statement current in context.

> Therefore, based on the greater weight of evidence, the DHO concluded that the charge of Code 203, Threatening Another with Bodily Harm, is accurate . . . .

[#28-3] at 5-6.

Even if Applicant did ask for witnesses in the disciplinary proceeding that addressed Incident Report No. 2241658, and the witnesses were either readily available or within twenty feet of the hearing room, as he asserts above, the exclusion of any witness is harmless. Applicant fails to demonstrate the relevance of any testimony they may have offered in the disciplinary hearing for Incident Report No. 2241658. *See Jordan*, 411 F. App'x at 209-10. Applicant also does not explain in either the Application, Petition, or Reply what evidence he was unable to introduce at the disciplinary hearing, besides possibly that the witnesses were staff witnesses and had "adversarial testimony," [#6] at 3. A claim of adversarial testimony alone does not demonstrate a denial of due process. Thus, Applicant's due process rights were not violated by the lack of witnesses.

ii. Staff Representative

To rehearse, a prisoner does not have a general constitutional right to have a staff representative assist him during the disciplinary process. *Wolff*, 418 U.S. at 570. A staff representative is required only where the inmate is illiterate or the issues are so complex that the inmate will be unable to collect and present the evidence necessary for an adequate comprehension of the case. *Id.* Because the issues are not complex and Applicant is literate, Applicant has no constitutional right to the assistance of another during the disciplinary process. *Id.*

Even if Applicant is entitled to assistance by a staff representative for this disciplinary hearing, he does not state what evidence the representative would have

presented to support a finding that Applicant's statements and tone of the statements did not threaten another with bodily harm. Applicant's due process rights, therefore, were not violated by the lack of staff representation in the Incident Report No. 2241658 disciplinary proceeding.

Finally, there is some evidence to support a finding that Applicant threatened another with bodily harm. Applicant wrote a letter to a staff member, Ms. Garcia, stating "(ASK FILES IF* HE THREATENED ME, IF HE DENIES IT ASK DAVIS-other than that, the conversation I have with Files 12-23-2014 will straighten things out" (the date given is close to Applicant's release date). [#28-3] at 5. Applicant also stated in the letter "What you should find offensive is Huitron (he makes more difficult for decent C.O.'s) Wilfing (lying to cover degenerate behavior) Files (does anyone remember Scot Miller?) . . . . *Id.* Applicant also confirmed at the disciplinary hearing that his reference to Scott Miller in the letter was actually to Scott Williams, the officer at Lompoc who was killed by an inmate in 1997. *Id.* Applicant does not deny he wrote the letter or referred to the officer who was killed.

4. Incident Report No. 2240669

The alleged due process violations in this incident report include the denial of witnesses and a staff representative.

i. Witnesses

As stated above, Applicant's denial of witness claims for the most part are conclusory and vague. The DHO hearing report for Incident Report No. 2240669 indicates that Applicant requested Officers Files and Huitron as witnesses. [#28-2] at 93.

In Incident Report Number 2240669, Applicant was charged with threatening another with bodily harm or any other offense; the disciplinary hearing was held on December 14, 2011. [#28-2] at 93. The DHO, J. L. Spaulding, relied on the following: (1) the written statement from staff member M. Wilfing, who received an administrative remedy request (BP-9 form) from Applicant on which Applicant had written that he would stomp Officer Huitron into the asphalt if Applicant was "on the street"; (2) Applicant's statement to the investigating lieutenant; (3) Applicant's statement to the UDC; (4) Witnesses were disallowed for lack of knowledge of the incident; (5) Applicant waived staff representative; (6) Applicant's statement on the BP-9 form; and (7) Applicant's statement at the disciplinary hearing. [#28-2] at 94-95. The DHO found as follows:

> The DHO considered your statement that because you were not on the streets your statement was irrelevant, as irrelevant. This is based on your current offense and your history of threats to harm/kill Law Enforcement Officers and Court Staff. The fact is that you wrote you would beat the officer into the asphalt the DHO considered this a viable threat to do bodily harm.
>
> Therefore, based on the greater weight of the evidence presented above, the DHO concluded the charge of Code 203, Threatening Another with Bodily Harm, is accurate, and you are found to have committed the prohibited act as charged. . . .

[#28-2] at 95.

The exclusion of any witness at this disciplinary proceeding is harmless. Applicant again fails to demonstrate the relevance of any testimony they may have offered in this hearing. *See Jordan*, 411 F. App'x at 209-10. Applicant also does not explain in either the Application, Petition, or Reply what evidence he was unable to introduce at the disciplinary hearing, besides possibly that the witnesses were staff witnesses and had "adversarial testimony," [#6] at 3. Applicant, therefore, fails to assert

that his due process rights were violated when no witnesses were provided at this disciplinary proceeding.

ii. Staff Representative

As stated above, a staff representative is required only where the inmate is illiterate or the issues are so complex that the inmate will be unable to collect and present the evidence necessary for an adequate comprehension of the case. *Wolff,* 418 U.S. at 570. Because the issues are not complex and Applicant is literate, Applicant has no constitutional right to the assistance of another during the disciplinary process. *See id.*

Even if Applicant is entitled to assistance by a staff representative for this disciplinary hearing, he does not state what evidence the representative would have presented to support a finding that Applicant's statements and tone of the statements did not threaten another with bodily harm. Applicant's due process rights, therefore, were not violated by the lack of staff representation in the Incident Report No. 2240669 disciplinary proceeding.

Also, there is some evidence to support a finding that Applicant threatened another with bodily harm. Applicant does not deny he wrote on a BP-9 form that he would beat Officer Huitron into the asphalt. The DHO had a copy of the form and a statement by a correctional counselor that he received the form from Applicant with the statement on the back of the form.

5. Incident Report No. 2239324

The asserted due process violation in this incident report includes only the denial of witnesses. As stated above, Applicant's denial of witness claims are conclusory and vague for the most part. The DHO hearing report for Incident Report No.2239324

indicates that Applicant did not request witnesses. [#28-2] at 78. Applicant, however, in his Reply asserts that the incident reports were all served at the same time and the witness lists were identical. [#32] at 1.

In Incident Report Number 2239324, Applicant was charged with threatening another with bodily harm or any other offense; the disciplinary hearing was held on December 7, 2011. [#28-2] at 78. The DHO, J. L. Spaulding, relied on the following: (1) the written statement from staff member C. Johnson, who watched Applicant write a statement on a BP-383 form that threatened another inmate; (2) Applicant's statement to the investigating lieutenant; (3) Applicant's statement to the UDC; (4) Applicant waived witnesses; (5) Staff representative statement; (6) Applicant's statement on the BP-383 form; and (7) Applicant's statement at the disciplinary hearing. [#28-2] at 79-80. The DHO found as follows:

> Therefore, based on some evidence presented above, and your full admission to the charge, the DHO concluded the charge of Code 203, Threatening Another with Bodily Harm, is accurate. . . .

[#28-2] at 80.

Contrary to Applicant's claims, only the notices in Incident Report Nos. 2240669, 2241658, and 2242146 were provided to Applicant at the same time on December 7, 2011, these hearings were all held on December 14, 2011, and Applicant requested the same witnesses, Huitron and Files in only two of the hearings, Incident Report Nos. 2240669 and 2242146. [#28-2] at 89, 91, 97; [#28-3] at 1, 3, 8, 15, 17, and 19. Applicant received notice and declined witnesses for Incident Report No. 2239324 on November 30, 2011, and the hearing was held on December 7, 2011. [#28-2] at 74 and 78.

Even if Applicant did ask for witnesses in the disciplinary proceeding for Incident Report No. 2239324, and the witnesses were the same witnesses he requested in the other disciplinary hearings and readily available, or within twenty feet of the hearing room, the exclusion of any witness is harmless. Applicant again fails to demonstrate the relevance of any testimony they may have offered in Incident Report No.2239324. *See Jordan*, 411 F. App'x at 209-10. Applicant also does not explain in either the Application, Petition, or Reply what evidence he was unable to introduce in the disciplinary hearing for Incident Report No. 2239324 besides possibly that the witnesses were staff witnesses and had "adversarial testimony," [#6] at 3. Claiming, in general, there are staff witnesses that would provide adversarial testimony does not demonstrate the relevancy of any witnesses' testimony to the offense he committed.

Furthermore, there is some evidence to support a finding that Applicant threatened another with bodily harm. The DHO relied on Applicant's Inmate Personal Property Record, a BP-383 form, on which he wrote that "I will beat the fuck out of [name of cellmate redacted from DHO Report] for stealing my hangers/boots." [#28-2] at 80. Applicant admitted at the hearing that he did it, *id*, and he does not deny in any of the pleadings he has submitted in this case that he wrote the statement on the BP-383 form. Applicant, therefore, was not denied due process in the disciplinary proceeding for Incident Report No. 2239324.

## III. CONCLUSION

Based on the above findings, I conclude that Applicant's claims lack merit and must be denied.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Petition for Restoration of "Good Time" Due to Lack of Due Process** [#1], filed June 10, 2013, and the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#6], filed July 7, 2013, by Applicant William J. Mabie are considered together and are **DENIED**;

2. That this case is **DISMISSED**; and

3. That leave to proceed ***in forma pauperis*** on appeal is denied; I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, ***in forma pauperis*** status is denied for the purpose of appeal. ***See Coppedge v. United States***, 369 U.S. 438 (1962); provided, further, that if Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed ***in forma pauperis*** in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED January 29, 2014.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge